**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                        CASE NO: 3:15-cr-14-J-39PDB

BRANDON POOLER                          ORDER ON MOTION FOR
                                                                   SENTENCE REDUCTION UNDER
                                                                   18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

　　☒ FACTORS CONSIDERED

Defendant Brandon Pooler is a 37-year-old inmate incarcerated at Williamsburg FCI, serving a 120-month term of imprisonment for importation of methylenedioxy-pyrovalerone (MDPV or "Molly") and possession of MDPV with intent to distribute. (Doc. 32, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on August 12, 2023. Defendant seeks compassionate release because of the Covid-19 pandemic, because he is HIV-positive and suffers from asthma, and because of the conditions at Lewisburg USP, where he was formerly housed. (Doc. 50, Pro Se

---

[1]　　The Court assumes, for purposes of this Order, that Pooler has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Motion; Doc. 58, Supplemental Memorandum).[2]

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Pooler has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. To be sure, HIV is a condition that must be taken seriously, especially in light of Covid-19. But fortunately, advances in medical treatment have made HIV a manageable condition. According to the Centers for Disease Control (CDC), those who have HIV might be at increased risk for severe infection from Covid-19, which is distinct from the conditions that the CDC says definitively increase the risk of serious illness.[3] The CDC advises that those who have "HIV with a low CD4 cell count[4] or [are] not on HIV treatment" have a weakened immune system, which "may increase [the] risk of severe illness from COVID-

---

[2]   The Court appointed CJA counsel, Andrew Bonderud, to represent Pooler in seeking compassionate release. (Doc. 52).

[3]   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[4]   CD4 cells are white blood cells that fight infection. "A healthy immune system normally has a CD4 count ranging from 500 to 1400 cells per cubic millimeter of blood. At levels below 200, a person becomes susceptible to opportunistic infections." United States v. Carter, No. CR 107-076, 2020 WL 4194014, at *2 n.4 (S.D. Ga. July 21, 2020) (citation omitted).

2

19." According to Pooler's medical records, he receives an antiretroviral drug called Genvoya to treat his HIV, and as of June 25, 2020, his condition was described as involving "asymptomatic moderate CD4" cell count levels. (Doc. 63, Medical Records at 1). The records also mention that as of March 2020, Pooler's CD4 cell count was 661, which is within the normal range, and that he had an "undetectable viral load." (Id.). As such, Pooler's HIV appears to be well-controlled.

As with HIV, moderate-to-severe asthma is a condition that, according to the CDC, may increase the risk of serious illness from Covid-19. However, nothing in the record establishes that Pooler's asthma falls into the moderate-to-severe category. In addition, the record indicates that Pooler's asthma is treated through the use of an albuterol inhaler. (Id.). Considered along with Pooler's young age, the record does not suggest that his asthma or HIV status put him at imminent risk of serious illness from Covid-19.[5]

Pooler also argues that the conditions at Lewisburg USP warrant compassionate release. (Doc. 50). However, Pooler has since been relocated to Williamsburg FCI, thereby rendering moot any argument that conditions at Lewisburg USP warrant a reduction in sentence under § 3582(c)(1)(A).[6]

In any event, the Court cannot certify that Pooler is not a danger to the public.

---

[5] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

[6] According to the BOP's latest data, only two inmates and eight staff members are currently positive for coronavirus at Williamsburg FCI. Seven inmates have recovered, and no inmates or staff have died of the virus. https://www.bop.gov/coronavirus/. Last accessed November 3, 2020.

U.S.S.G. § 1B1.13(2). Pooler was convicted of importing MDPV and possession of MDPV with intent to distribute. Compounding matters, Pooler received a guidelines enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm in connection with the crime. (Doc. 29, Presentence Investigation Report [PSR] at ¶ 20). Before the instant offense, Pooler had a lengthy list of prior convictions, which included convictions for carrying a concealed weapon, possession of cocaine, aggravated battery, and attempted carjacking. (Id. at ¶¶ 35, 38, 39). In the case that resulted in his conviction for aggravated battery and attempted carjacking, Pooler stabbed a man in the chest with a kitchen knife and attempted to steal his car. (Id. at ¶ 39). Because of Pooler's history of crimes involving violence, guns, and drugs, the Court cannot certify that he is not a danger to the safety of any other person or to the community.

Likewise, for many of the reasons above, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. Reducing Pooler's sentence would fail to protect the public, promote respect for the law, or afford adequate deterrence. In view of all the § 3553(a) factors, reducing Pooler's sentence is not warranted at this time.

Accordingly, Defendant Brandon Pooler's Motion for Compassionate Release (Doc. 50) is **DENIED**.[7]

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of November, 2020.

BRIAN J. DAVIS
United States District Judge

---

[7] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

Lc 19

Copies:
Counsel of record
Defendant